**Robert S. HUDOCK, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 2, 2002.
Decided Oct. 3, 2002.

Robert S. Hudock, petitioner, pro se.

Rachel H. Meaker, Reading, for intervenor, Berks County Children & Youth.

Before FRIEDMAN, J., LEADBETTER, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

Robert S. Hudock petitions for review of an order of the Department of Public Welfare (Department), Bureau of Hearings and Appeals (Bureau) that adopted a hearing officer's decision dismissing Hudock's appeal of a family service plan for failure to state a claim within the jurisdiction of the Bureau. We affirm.

The facts as found by the hearing officer are as follows. On April 17, 1998, Heather Hudock, Hudock's daughter, was removed from her home and placed under the care and responsibility of the Berks County Children and Youth Services Agency (Agency). On May 13, 1998, pursuant to an order of the Court of Common Pleas of Berks County, Juvenile Division (trial court), Heather was determined to be a dependent child, and temporary custody was granted to the Agency. Heather was then placed in a foster care home. The Agency developed a family service plan which provided, in pertinent part, that Heather would continue to be placed in the foster care home, that the placement goal for Heather would be her return to the most appropriate parent, and that Heather

would visit with her father on a supervised, biweekly basis for one hour. The Agency provided Hudock with a copy of the family service plan which Hudock did not sign.

On October 9, 1998, Hudock sent a letter to the Agency appealing the family service plan and requesting a hearing. By order dated October 20, 1998, the trial court determined that Heather continued to be a dependent child and ordered that she remain in the temporary custody of the Agency. The trial court ordered the Agency to continue to provide services to Heather commensurate with her needs and the needs of her parents, consistent with the goal of her return to the most appropriate relative.

■ On December 24, 1998, the Agency filed motions to dismiss for lack of specificity and for lack of jurisdiction. On December 28, 1999, an attorney examiner for the Bureau issued a rule to show cause why the appeal should not be dismissed. Hudock responded to the rule to show cause and amended his appeal request to include an allegation that the Agency failed to act upon numerous and continuous requests for services by Hudock and his daughter. Hudock also alleged numerous violations of DPW regulations.[1] On August 16, 2001, the hearing officer recommended that the matter be dismissed because Hudock had failed to state a claim within the jurisdiction of the Bureau. The hearing officer noted that under 55 Pa.Code § 3130.62(a),

the only matters that may be appealed are determinations that result in the denial, reduction, discontinuance, suspension or termination of services, or the Agency's failure to act, with reasonable promptness, upon a request for service. The hearing officer found that, although Hudock used the word "denial" to characterize each of his grounds for appeal, none of the matters he complains of in his amended appeal falls within either of the two categories set forth in 55 Pa.Code § 3130.62(a). The Bureau adopted the recommendation of the hearing officer in its entirety. Hudock now appeals to this Court.[2]

■ On appeal, Hudock again argues that the provisions of the family service plan violated the Department's regulations. Specifically, Hudock alleges the following violations: (1) denial of elements of the individual service plan, 55 Pa.Code § 3680.43(2)(vi); denial of visiting by or with the family, 55 Pa.Code § 3580.43(2)(vii); denial of providing visits between child and parents as frequently as possible, but no less than once every two weeks, 55 Pa.Code § 3680.44(2)(1);[3] denial of a time and place convenient to both parties in a location that permits natural interaction, § 55 Pa.Code § 3680.44(2)(ii); denial of ensuring that a child has an opportunity to participate in religious activities, services and counseling, taking into account choices specified by the parents or the child, 55 Pa.Code § 3680.46; and, denial that a child may file grievances

---

1. Among the violations Hudock alleged were the following: denial of proper development of discipline policies; denial of required visiting policies; denial of ensuring that Heather had an opportunity to participate in religious activities; and denial of a written policy and procedure governing the filing of a grievance by a child.

2. This Court's scope of review of the Bureau's adjudication is limited to determining wheth-

er the adjudication is in accordance with the law, does not violate constitutional rights, and is supported by substantial evidence in the record. *Keenhold v. Department of Public Welfare*, 744 A.2d 377 (Pa.Cmwlth.2000).

3. In his brief, Hudock acknowledges that he and Heather were permitted to visit every two weeks.

without fear of retaliation, 55 Pa.Code § 3680.48(b).

Chapter 3680 of the Department's regulations, 55 Pa.Code §§ 3680.1–3680.63, applies to the administration and operation of an agency which provides services to children in their own homes. 55 Pa.Code § 3680.1. The regulations found in Chapter 3680 do not govern the administration or operation of county children and youth social services agencies. *Id.* The regulations which apply to county children and youth service agencies and which govern the administration and provision of public children and youth social services are found in Chapter 3130 of the Department's regulations, 55 Pa.Code §§ 3130.1–3130.92. Thus, the regulations cited by Hudock do not provide a basis for an action against the Agency, a county children and youth services agency.

Pursuant to 55 Pa.Code § 3130.62(a), the only matters that may be appealed are determinations that result in the denial, reduction, discontinuance, suspension or termination of services, or the Agency's failure to act, with reasonable promptness, upon a request for service. The hearing officer found that, although Hudock used the work "denial" to characterize each of his grounds for appeal, none of the matters he complained of in his amended appeal falls within either of the two categories set forth in 55 Pa.Code § 3130.62(a). We find no error in that conclusion. Accordingly we will affirm the order of the Bureau.[4]

### ORDER

AND NOW, this 3rd day of October, 2002, the appeal from the order of the Department of Public Welfare, Bureau of Hearings and Appeals in the above-captioned matter is hereby affirmed.

---

4. In his brief, Hudock alleges that Heather's constitutional right to due process was violated. Hudock did not raise this issue in his appeal of the family service plan. When a party fails to raise an issue, even one of a constitutional dimension, in an agency proceeding, the issue is waived and cannot be considered for the first time in a judicial appeal. *K.J. v. Department of Public Welfare,* 767 A.2d 609 (Pa.Cmwlth.2001). Accordingly, Hudock's constitutional argument is waived.