Eunice **BURCH**, Petitioner,

v.

### DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 1, 2002.
Decided Dec. 3, 2002.
Publication Ordered Jan. 29, 2003.
Reargument Denied Feb. 12, 2003.

**1144**

Eunice Burch, petitioner, pro se.

Cynthia A. Fillman, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

*OPINION BY Judge SIMPSON.*

Eunice Burch (Burch), representing herself, petitions for review of an order of the Department of Public Welfare (DPW), Bureau of Hearings and Appeals (Bureau) adopting a hearing officer's decision dismissing Burch's appeal of a family service plan for failure to prosecute her appeal and failure to state a claim within the jurisdiction of the Bureau. We affirm.

Burch is the mother of Delsa Burch and the maternal grandmother of three minor children, Waneisha Burch, Damarcus Jordan and Semaj Burch (Family).

The Philadelphia County Department of Human Services (DHS) accepted the Family for general protective services in 1991. Thereafter, DHS developed a family service plan.

In January 1999, DHS revised the family service plan and provided Burch with a copy, which Burch refused to sign. On March 18, 1999, DHS mailed Burch a copy of the revised family service plan and notified her she had the right to appeal:

(1) any determination made which results in a denial, discontinuance, suspension or termination of service.

(2) the failure by DHS to act upon a request for service with reasonable promptness.

55 Pa.Code § 3130.62(a).

By letter postmarked April 7, 1999, Burch returned the revised family service plan, with the notation "[p]ursuant to the correspondence received from your administration I am requesting to receive the DPW hearing pursuant to 55 Pa. 275.4 et al."[1] Burch also enclosed a form requesting an appeal from an action affecting her eligibility for food stamps stating "[s]ee hearing Request 4–7–99 denial of service."

---

1. If parents wish to appeal a family service plan, they have 15 days to do so. 55 Pa.Code § 3130.62(d). Here, Burch's appeal was postmarked after the expiration of the 15–day period, making her appeal untimely. Nevertheless, DPW scheduled the pre-hearing conference.

Also, on April 27, 1999, Burch sent a letter requesting the release of one of her grandchildren into her custody.

In May 1999, an attorney examiner for the Bureau entered an order scheduling a pre-hearing conference. Burch, however, did not return the post card enclosed with the order, failed to provide a phone number at which she could be reached and did not otherwise indicate she would participate in the conference. At the conference, the presiding official attempted to contact Burch, but was unsuccessful because Burch had an unpublished phone number.

In November 1999, the attorney examiner issued a rule to show cause why the appeal should not be dismissed. The rule stated that Burch had 15 days to respond. Burch did not respond. Consequently, DHS filed a motion to dismiss the appeal as "abandoned." Despite being served with a copy of this motion, Burch did not respond.

On February 3, 2000, the Bureau received the revised family service plan from DHS, listing Burch's current phone number. Thereafter, the attorney examiner ordered a second pre-hearing conference. Burch did not return the post card indicating whether she would attend the hearing and made no other attempt to respond. At the subsequent hearing, the Bureau attempted to contact Burch, but was unsuccessful because she did not answer the phone.

Thereafter, the pre-hearing officer issued a second rule to show cause why the appeal should not be dismissed, noting that pursuant to 55 Pa.Code § 3130.62(a) the issue raised by Burch was outside the Bureau's jurisdiction. The rule also stated that if Burch failed to respond within 30 days, her appeal would be dismissed. Again, Burch failed to respond.

■ Thereafter, a hearing officer issued a proposed adjudication recommending

dismissal of Burch's appeal because of her repeated failure to respond. In the alternative, he recommended dismissal because Burch did not adequately specify the matters complained of on appeal. The Bureau adopted the hearing examiner's recommendation in its entirety. Burch now appeals to this Court.[2]

■ Burch first contends that by denying her right to be heard, DPW denied her due process. We disagree.

■ Due process requires a person be provided notice and an opportunity to be heard prior to an adjudication affecting that person's rights. *Manor v. Dep't of Pub. Welfare,* 796 A.2d 1020 (Pa.Cmwlth. 2002). It does not, however, confer an absolute right to be heard. *Goetz v. Dep't of Envtl. Res.,* 149 Pa.Cmwlth. 230, 613 A.2d 65 (1992).

Here, the facts demonstrate Burch was given ample opportunity to be heard prior to dismissal of her appeal. Had Burch prosecuted her appeal and complied with the Bureau's procedural requirements, she would have had the opportunity to present evidence at a hearing. However, her failure to prosecute the appeal and to comply with multiple orders issued by the Bureau does not violate due process. Our courts have consistently held that dismissal of an action because of a party's failure to prosecute her appeal does not violate due process. *Greensburg Nursing and Convalescent Ctr. v. Dep't of Pub. Welfare,* 159 Pa.Cmwlth. 391, 633 A.2d 249 (1993) (repeated failures to file pre-hearing memorandum justifies dismissal of petitioner's appeal of agency action); *Goetz* (failure to prosecute or failure to comply with orders issued by agency warrants dismissal of action and does not impinge due process

---

2. Our review of the Bureau's adjudication is limited to determining whether the adjudication is in accordance with the law, does not violate constitutional rights, and is supported

by substantial evidence in the record. *Hudock v. Dep't of Pub. Welfare,* 808 A.2d 310 (Pa.Cmwlth.2002).

rights). Our analysis here is consistent with this authority.

██ Burch also argues DPW erred by rejecting her challenge to the revised family service plan issued by DHS. Again, we disagree.

An appeal challenging a family service plan must allege: (1) a denial, reduction, discontinuance, suspension or termination of services; or (2) an agency's failure to act with reasonable promptness upon a request for service. 55 Pa.Code § 3130.62(a); *Hudock v. Dep't of Pub. Welfare*, 808 A.2d 310 (Pa.Cmwlth.2002).

*Hudock* is instructive. In *Hudock*, the petitioner appealed a family service plan, but failed to allege any matters that fell within either of the two categories set forth above. We affirmed dismissal for failure to state a claim within the jurisdiction of the Bureau.

Like the petitioner in *Hudock*, Burch's allegations on appeal did not fall within either of the two categories set forth in 55 Pa.Code § 3130.62(a). Rather, her "appeal" merely states "see hearing request 4–7–99 denial of service."[3] Our review of the record does not clarify the precise grounds on appeal. Nor does the context inform us which service, if any, has been denied Burch or her Family. Pursuant to *Hudock*, the persistent failure to state an appealable claim supports dismissal here.

For the foregoing reasons, we affirm.

### ORDER

AND NOW, this 3rd day of December, 2002, the appeal from the order of the

Department of Public Welfare, Bureau of Hearings and Appeals is hereby affirmed.

---

**3.** Although specificity of the matters complained of on appeal is not required at the time an appeal is filed, the grounds must become sufficiently specific to allow the agency to respond and permit the Bureau to hold a hearing on the merits. *See Tully v. Dep't of Pub. Welfare*, 727 A.2d 1219 (Pa.Cmwlth. 1999) (holding DPW erred by concluding parents failed to state grounds for appeal of fami-

ly service plan where DPW rejected parent's oral assertions at pre-hearing conference in favor of written statement of appeal).

Here, Burch repeatedly failed to respond to requests to hold a pre-hearing conference. This failure deprived DHS the opportunity to respond to Burch's grounds for appeal and deprived DPW an opportunity to hold a hearing on the merits.