Patricia A. Wise SANNER, Petitioner

v.

## DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 20, 2005.

Decided July 6, 2005.

Patricia A. Wise Sanner, petitioner, pro se.

Charles F. Wade, Greensburg, for respondent.

BEFORE: COLINS, President Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

Patricia A. Wise Sanner (Sanner)[1] has filed a petition for review of an order of the Pennsylvania Department of Public Welfare's Bureau of Hearings and Appeals (Department), that adopted a recommended decision of a hearing examiner who had concluded that the Department lacked jurisdiction to consider the issues Sanner raised in an appeal of a Family Service Plan (plan) involving Sanner and her daughter.[2]

Based upon the documents the Department's hearing examiner accepted into the record, and the factual findings she made in her recommended decision, we note the following factual and procedural history. Sanner filed "incorrigibility" charges against her daughter on October 15, 2002, asserting that her child displayed behavior beyond her control including: "friends or [sic] questionable character/influence," "involved with older male/female," "physically aggressive with family members," and "damages items within the home." Shortly thereafter, someone, presumably Sanner's daughter, filed an allegation of abuse against Sanner. The Westmoreland County Children's Bureau (Bureau) issued a notice of suspected child abuse on October

---

1. Ms. Sanner apparently married during the course of the proceedings before the Department of Public Welfare. At the beginning of those proceedings, Ms. Sanner appeared as Patricia Wise. See Findings of Fact 1 and 2.

2. We note that Sanner's daughter will turn eighteen in January, 2006.

29, 2002 to Sanner listing her as an alleged perpetrator; however, on October 31, the Bureau issued a notice that, although the report of abuse was unfounded,[3] the family needed assistance from the Bureau to address parent-child conflicts, specifically those between Sanner and her daughter.[4] The ensuing report generated by Child Protective Services filed with the Bureau on November 4, 2002, indicates that the Bureau accepted Sanner's daughter for services on or about that date.

In response to Sanner's incorrigibility complaint, a hearing master conducted an initial detention hearing at the County's Juvenile Detention Center on November 8, 2002, which he continued to November 25, 2002, and then again continued until December 12, 2002. Sometime shortly after the November 25th continuance, the Bureau filed a petition with the Court of Common Pleas of Westmoreland County, requesting the Court to conduct a dependency hearing. According to an order of the common pleas court, Sanner had requested the Court to conduct a hearing on the dependency issue, rather than the hearing master. The Court issued an order rejecting that request and directing that the hearing master conclude the hearing and issue findings and recommendations for the Court to consider. Meanwhile, the Bureau had prepared an initial plan on December 12, 2002.

The hearing master held a final hearing on January 8, 2003. At some date following, the hearing master issued findings and recommendations. The Bureau submitted a revised plan to Sanner for her signature on January 10, 2003. The Bureau apparently made the plan final as of January 14, 2003 without Sanner's signature. On January 22, 2003 the common pleas court issued an order adopting the hearing master's findings and recommendations, which included provisions that mirrored those in the January 14, 2003 plan. Sanner never appealed the trial court's order, but she did file an appeal of the plan itself with the Department on January 29, 2003.[5] The appeal raised a number of issues, all of which challenged the provisions of the plan that either directed Sanner, the family, and her daughter to attend therapy or dictated the particular therapist the family and her daughter were to see.

On February 21, 2003, the Department's pre-hearing official issued a rule to show cause why the appeal should not be dismissed because it did "not appear to describe any action, dispute or question that requires a hearing or further proceeding before the [Department]." Specifically, the hearing officer noted that regulations governing the subject matter of appeals limited appeals to certain issues as follows:

(a) The county agency shall provide to the parents, along with a copy of the family service plan and, if applicable, placement amendment, a written notice of their right to appeal the following to

---

**3.** The report indicates that the daughter alleged that Sanner pushed and slapped her daughter, while Sanner admitted only pushing her daughter. Based upon an examination of the daughter, Child Protective Services concluded that the incident did not rise to abuse warranting a finding of abuse.

**4.** At some point Sanner's daughter was placed temporarily with her maternal grandmother.

**5.** The only appeal document in the record has a caption indicating the matter is in the Court of Common Pleas of Westmoreland County, and the document requests relief from the "court." However, since this is the document forwarded by the Department listed as an appeal request, we assume that Sanner filed this document with the Department as her appeal to that agency.

the Department's Office of Hearings and Appeals:

> (1) A determination which results in a denial, reduction, discontinuance, suspension or termination of service.
>
> (2) The county agency's failure to act upon a request for service with reasonable promptness.

55 Pa.Code §§ 3130.62(a)(1) and (2).

Following requests by Sanner for extensions of time to respond, the Bureau filed a motion to dismiss on June 17, 2003 in apparent response to the rule to show cause. On July 2, 2003, Sanner filed a pleading without caption that presumably is a response to the motion to dismiss, in which she essentially challenged the efficacy of the plan, and terms within the plan. The Department hearing examiner accepted exhibits from both counsel for Sanner and the Bureau, but neither party apparently offered any testimony. Based upon the documentary evidence, the hearing examiner summarized Sanner's reasons for appealing the plan, including the requirement that she participate in supervised visitation with her daughter, that she participate in personal and family therapeutic services that are not of her choice, that she does not approve of the therapist selected for her daughter, and that she and her family should not be subject to a plan because the Child Protective Services determined that Sanner's daughter's abuse charges were unfounded. In addition to summarizing Sanner's recitation of the history of the proceedings, the hearing examiner also noted that the hearing master's recommendations, adopted by the common pleas, included provisions relating to individual and family therapy and initial supervised visitation which would move toward

unsupervised visitations at the discretion of the Bureau.

The hearing examiner then noted the above quoted regulation and that the Department's regulations specifically preclude the Department from issuing rulings that modify the terms of plans that have been approved or ordered by a court of appropriate jurisdiction. 55 Pa.Code § 3130.62(i). The hearing examiner concluded that the points of the plan to which Sanner objected concerned either terms that did not fall within the regulatory appeal framework or terms that the common pleas order incorporated. The Department adopted the hearing examiner's recommended decision. Sanner requested reconsideration. The Department granted reconsideration, but ultimately affirmed its order.

In her petition for review, Sanner primarily contends that the Department erred in concluding that it did not have jurisdiction over the issues she raised in her appeal of the plan. Sanner also asserts various problems in the course of various proceedings, such as (1) never receiving an answer to "her very first appeal to the former director of the [Bureau,]" Jerry Sopko, (2) violations of her rights in proceedings involving County officials, (3) her daughter has been placed in danger by the failure of the Bureau to require Sanner's ex-husband (and the father of her daughter) to comply with the terms of the plan, (4) that she never agreed to the plan, and had her daughter in counseling when the Bureau removed her daughter from her home, and (5) by virtue of removing her daughter from her home, the Bureau has created a danger and caused additional family stress and damage.[6]

---

**6.** The Bureau filed a pleading that requested the Court to quash this appeal, claiming that the Court lacks jurisdiction. This Court issued an order on October 14, 2004, denying this motion, noting that this proceeding constitutes an appeal from an adjudication of the Department, not an appeal from a trial court approving an agreement regarding services.

In contrast to the broad-ranging claims in her petition for review, Sanner has raised specific issues in her brief: [7] (1) did the Department abuse its discretion under 55 Pa.Code § 2518.13(c), (2) did the Department fail to provide Sanner with a hearing in accordance with its policies, (3) did the Department fail to follow procedures described in its regulation at 55 Pa.Code § 275.4(I)-(IV), (4) did the Department receive false information from the Bureau in the form of the January 13, 2003 agreement, (5) did the Department err in allowing Sanner's former counsel to withdraw without providing Sanner with representation or a hearing (citing Pa. R.A.P. 904 and 907), (6) did the Department have jurisdiction from the beginning (citing Pa. R.A.P. 909), and (7) did the Department and the Bureau of Hearings and Appeals have a conflict of interest in this case? [8] Regretfully, Sanner has not complied with the Rules of Appellate Procedure by including any real argument in her brief.

■ We begin with a discussion of the Department's review of Sanner's appeal, and its dismissal under 55 Pa.Code § 3130.62(a)(1) and (2). In *Hudock v. Department of Public Welfare*, 808 A.2d 310 (Pa.Cmwlth.2002), this Court considered a case in which the Berks County Children and Youth Services Agency removed a child from her home and assumed care and responsibility for the child. Approximately one month later a common pleas court deemed the child to be a dependent child and granted custody to the Agency, which then placed the child in a foster home. The Agency prepared a Family Service Plan that provided for placement of the child in a foster home. The Agency provided the child's father with a copy of the plan, but the father did not sign the plan. The father sent a letter to the Department appealing the plan and requesting a hearing. Shortly thereafter the common pleas court issued an order continuing the status of the child as dependent and the Agency's custody of her. Further, the court ordered the Agency to continue to provide services for the child.

The Agency filed a motion to dismiss the appeal for lack of jurisdiction and lack of specificity. The Department issued a rule to show cause why the appeal should not be dismissed. The father amended his appeal to include a charge that the Agency had failed to act upon certain requests for services. The hearing officer in that case, as in this case, reviewed the pertinent Pennsylvania Code provisions and concluded that none of the father's claims fell within the terms of the regulation. Although the father had used the word "denial" to describe the Agency's alleged failures with respect to the plan, the hearing officer determined that the real nature of the father's complaints did not arise to a denial that would trigger the right to appeal under the regulation. The Court agreed with the Department's conclusion that the appeal did fall within the ambit of 55 Pa.Code § 3130.62(a).

---

7. We note that the Rules of Appellate Procedure require petitioners to raise specific errors in their petitions for review. Sanner failed to raise any specific issues in her petition for review, except for the contention that the Department erred in concluding it lacked jurisdiction; accordingly waiver applies. Nevertheless, we will briefly address to the best of our ability some of the additional issues Sanner raises in her brief.

8. Our standard of review in an appeal from an order of the Department's Bureau of Hearings and Appeals is limited to determining whether constitutional rights were violated, any errors of law were committed, and whether any necessary factual findings are supported by substantial evidence. 2 Pa. C.S § 704

We note initially that the underlying proceeding in this case arose from Sanner's initial filing charging that her daughter is incorrigible. Thereafter, Susan Strenska, designated as JPO (presumably Juvenile Probation Officer), filed a juvenile petition alleging that Sanner's daughter was a dependant child under Section 6302 of the Juvenile Act, 42 Pa.C.S. § 6302(6), which defines a "dependent child" as one who "has committed a specific act or acts of habitual disobedience of the reasonable and lawful commands of his parent, guardian or other custodian and who is ungovernable and found to be in need of care, treatment or supervision[.]"

The Act indicates that the provisions of the Act apply to "[p]roceedings in which a child is alleged to be delinquent or dependent." 42 Pa.C.S. § 6303(a)(1). Accordingly, because the dependency charges and petitions initiated by Sanner constitute dependency proceedings under the Juvenile Act, the remaining provisions of the Act also apply. Under Section 6304, 42 Pa. C.S. § 6304, juvenile probation officers are empowered to receive and examine charges of dependency for the purposes of commencing proceedings under the Act. This is apparently exactly what happened in this case. The Act further provides that the governing body of a municipality, in this case the County, may promulgate rules for the use of special hearing masters, and to whom the common pleas court may delegate hearing authority on dependency issues. Following hearing the common pleas court judge reviews the hearing master's findings and recommendations regarding the status of a child, and any recommended services deemed appropriate for a child and her family. *See generally* 42 Pa.C.S. § 6305. The common pleas court is required to render an adjudication as to whether a child is a dependent child, 42 Pa.C.S. § 6341; however, under subsection (e), a presiding court, as apparently occurred in this case, may continue dependency hearings for a reasonable period to receive reports or evidence bearing upon final disposition.

In this case, the hearing master's report and recommendation, adopted by the trial court, did not definitively make a dependency finding, but anticipated additional hearings on the status of Sanner's daughter. All of these actions appear to be well within the province of the common pleas court's powers under the Juvenile Act. The Act also clearly envisions the continuing supervision over a dependent child, and one alleged to be dependent, until the court concludes the child is no longer dependent. 42 Pa.C.S. § 6351. That Section provides for the common pleas court to determine whether plans should be permanent and to determine in the course of such proceedings the services that a child needs. Subsumed in this authority is the power of the Court to determine, as in this case, whether services are necessary for members of the family, with the aim of returning the child to family if the services resolve the problems that underlie the dependency issue.

With this statutory framework in mind, we note that all of Sanner's challenges to the plan involve aspects of a court-mandated program. As the Department's regulations reflect, it has no authority or jurisdiction to alter services that a supervising common pleas court has dictated as a result of reviewing allegations of, or a finding of, dependency.

Sanner's main complaint concerns the therapeutic services in which the plan directs her and her family to participate and the designation of provider. The common pleas court approved the provisions of the plan in its order adopting the hearing master's recommended decision. Her underlying complaint pertains not to the denial,

reduction, discontinuance, suspension, or termination of services, but rather with the choice of providers of these services and her right to decline the directed services. As noted by the Department, these directives were confirmed by the common pleas court, and accordingly the Department is correct that it has no power to modify those terms. If Sanner is dissatisfied with the terms, her only recourse is to present her claims to the common pleas court, which alone has jurisdiction over the matters of which she complains.

■ The other issues Sanner touches upon in her brief concerning the Department's handling of her appeal can be resolved by looking at the appeal she filed. Although the regulation clearly provides parties with the right to offer evidence, Sanner's appeal presents factual issues that, even if proven, would not have altered the Department's limited powers under 55 Pa.Code § 3130.62(a). Accordingly, the Department did not err in not conducting a full evidentiary hearing when the appeal presented no factual issues that would have provided the Department a basis to grant relief. Although Sanner has raised some other issues, given the complete lack of discussion in her brief, there is no way for this Court to address those issues. Based upon the foregoing, we affirm the order of the Department denying Sanner's appeal.

### ORDER

AND NOW, this 6th day of July 2005, the order of the Department of Public Welfare, Bureau of Hearings and Appeals is affirmed.