**Anthony D. KERR, Petitioner**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 8, 2011.

Decided May 3, 2011.

Anthony D. Kerr, pro se.

W. Scott Foster, Assistant Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and BUTLER, Judge.

---

OPINION BY Judge PELLEGRINI.

Anthony D. Kerr (Petitioner) appeals *pro se* from the order of the Commonwealth of Pennsylvania, Department of Public Welfare (Department) holding that Petitioner, a Department employee, is required to reimburse the Commonwealth for assistance he received as a result of the July 2009 budget impasse that delayed his normal paycheck. We affirm.

As a result of the 2009 budget impasse, Commonwealth employees, including Petitioner, did not receive their normal paychecks in July 2009. On August 3, 2009, Petitioner's household, consisting of him, his fiancée and three children, applied for public assistance at the Berks County Assistance Office where Petitioner is employed. That same day, Petitioner's fiancée signed a PA 176 Agreement and Authorization to Pay Claim (Claim form) agreeing to reimburse the Department for assistance received pending receipt of Petitioner's delayed wages. On August 5, 2009, Petitioner's household accepted a three-month Diversion Benefit [1] totaling $1,767 which they received the next day. On August 5, 2009, Governor Rendell signed a stop-gap budget that allowed Commonwealth employees, including Petitioner, to be paid. The same day, the Department forwarded the Claim form to the Office of Inspector General to initiate reimbursement. Petitioner received his delayed wages in full on August 10, 2009. At that point, he was fully compensated for all work he performed during the budget impasse.

The next month, the Office of Inspector General issued a collection letter to Petitioner to reimburse the Commonwealth for the $1,767. Petitioner appealed to the Bureau of Hearings and Appeals (Bureau) contending that he was not required to reimburse the Commonwealth because Diversion assistance is not subject to reimbursement. The Bureau sustained Petitioner's appeal holding that a Diversion Benefit is classified as non-assistance and nothing in 55 Pa.Code § 275.23 regarding reimbursement provides that non-assistance payments require reimbursement. The Secretary of Public Welfare granted the Office of Inspector General's request for reconsideration and reversed the Bureau's order. The Secretary reasoned that Diversion Benefit is an assistance program funded with TANF funds and payments are subject to reimbursement. Petitioner then filed the instant appeal.[2]

On appeal, Petitioner contends that the Department erred in requiring him to reimburse it for the $1,767 he received once he was paid for the time he worked during the budget impasse. According to Petitioner, because Diversion is defined as a non-assistance program, any funds received through that program are not subject to reimbursement as they are with the TANF program, which is a distinct long-term assistance program subject to reimbursement. Furthermore, in his experience, only Commonwealth employees were required to reimburse the Diversion assistance, which is discriminatory because oth-

---

1. Diversion is a short-term help program administered through the Temporary Assistance to Needy Families (TANF) program. It is in place of long-term ongoing cash assistance and is designed to prevent recipients from needing to receive long-term assistance.

2. Our review of the Department's adjudication is limited to whether the adjudication is in accordance with the law, does not violate constitutional rights, and is supported by substantial evidence in the record. *Burch v. Department of Public Welfare,* 815 A.2d 1143 (Pa.Cmwlth.2002).

er recipients were allowed to keep all of their assistance. We disagree.

This case is controlled by the regulation listed at 55 Pa.Code § 257.24(e)(3) dealing with reimbursement for assistance received for delayed wages. It reads:

> Delayed wages. Reimbursement is required of assistance granted, pending the receipt of wages not paid on the normal payday. Wages received when normally due are considered as income to be adjusted to the grant under Chapter 183 (relating to income). The form for acknowledging reimbursement from delayed wages is Form PA 176–K (Agreement and Authorization to Pay Claim) as set forth in subsection (f).

Section 257.24(e)(3) shows that to establish a valid reimbursement claim against Petitioner, the Commonwealth only needed to prove that: (1) Petitioner was granted public assistance; (2) the assistance was granted pending the receipt of delayed wages; and (3) Petitioner's household signed the Claim form. The Department met its burden by showing that Petitioner received the $1,767 temporary assistance, that he received this assistance because his wages had been delayed due to the budget impasse, and that Petitioner's fiancée signed the Claim form.

In addition to the plain language of Section 257.24(e)(3), we note that Petitioner's claim that Diversion is separate from TANF is factually incorrect. Exhibit C and Exhibit F to Petitioner's own brief make clear that Diversion is a program within TANF, not a separate program, albeit with a short-term focus rather than a long-term program like traditional welfare. In addition, the fact that Diversion is classified as a "non-assistance" program

for purposes of federal rules does not remove it from the scope of Section 257.24(e)(3).[3] The TANF–Diversion Information Guide makes this clear, as it explains in bold type in the first paragraph that "Diversion is cash assistance." (Reproduced Record at 23.) Clearly, then, Diversion is covered by Section 257.24(e)(3).

Section 257.24(e)(3) also provides the answer to Petitioner's discrimination claim. Only Commonwealth employees were required to reimburse the Commonwealth for Diversion benefits because only they received the benefits pending the receipt of delayed wages. Moreover, to hold otherwise would be to grant Petitioner an unjustified windfall, as he would have received $1,767 in addition to his full wages for work performed during the budget impasse.

For the foregoing reasons, the Department's order is affirmed.

### ORDER

AND NOW, this 3rd day of May, 2011, the order of the Department of Public Welfare, dated September 15, 2010, is affirmed.

---

**3.** TANF programs are classified either as assistance or non-assistance. Non-assistance programs differ in that they do not count toward the 60–month TANF time limit and are not subject to work or child support requirements. 32 Pennsylvania Bulletin 6401 § VI(A)(3).