Aarsand Management, LLC,  :
                Petitioner  :
                                      :
                v.  :
                                        :
Department of Labor and Industry,  :
Office of Unemployment  :
Compensation Tax Services,  :  No. 1726 C.D. 2016
                Respondent  :  Submitted: April 21, 2017

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: August 31, 2017

Aarsand Management, LLC (Aarsand) petitions this Court for review of the Department of Labor and Industry's (Department) September 21, 2016 Final Order denying its appeal of the Unemployment Compensation (UC) tax rate issued for calendar year 2016. The sole issue before this Court is whether the Department erred by denying Aarsand's appeal based on untimeliness. After review, we affirm.

Aarsand first paid wages in Pennsylvania, subject to the Pennsylvania UC Law (Law),[1] on June 28, 2005. Aarsand filed its Pennsylvania Enterprise Registration Form (PA-100) on July 8, 2005, signed by Aarsand's managing member Kurt Aarsand. The address provided on the PA-100 was: "AARSAND MANAGEMENT, LLC, 11019 MCCORMICK RD [STE] 320, HUNT VALLEY, MD 21030." Reproduced Record (R.R.) at 29a. The Office of UC Tax Services

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §§ 751-914.

(OUCTS) notified Aarsand of its 2016 contribution rate by sending a UC Contribution Rate Notice (Rate Notice), dated December 31, 2015, to the address Aarsand listed on its PA-100. In the Rate Notice, OUCTS advised Aarsand that a 3% delinquency rate had been imposed under Section 301(a)(2) of the UC Law, 43 P.S. § 781(a)(2), because Aarsand owed $6,093.53 in unpaid contributions and interest through the second quarter of 2015. The Rate Notice provided: "The last day to appeal this [R]ate [N]otice is March 30, 2016. See page 2 for appeal instructions." R.R. at 7a.

In March 2016, Aarsand received a Statement of Account dated March 15, 2016 (Statement). The Statement was also sent to the address provided on Aarsand's PA-100. On May 25, 2016, OUCTS received Aarsand's appeal from the 2016 Rate Notice (Rate Appeal). By June 23, 2016 letter, OUCTS denied Aarsand's Rate Appeal as untimely. OUCTS determined: (1) the Rate Notice informed Aarsand that it had 90 days from December 31, 2015 to appeal from the rate; (2) the last day to appeal its 2016 contribution rate was March 30, 2016; and (3) Aarsand filed its appeal on May 25, 2016. On July 8, 2016, Aarsand appealed from the OUCTS' determination to the Department's UC Tax Review Office (TRO).

By September 21, 2016 Final Order, the Department denied Aarsand's *nunc pro tunc* appeal, based on its determination that the December 31, 2015 Rate Notice was mailed to Aarsand's business address of record with instructions to file an appeal within 90 days. It further ruled that Aarsand's appeal was due by March 30, 2016, but was not filed until May 25, 2016. Finally, it concluded that Aarsand did not establish good cause for its failure to appeal within the required timeframe. On October 20, 2016, Aarsand appealed to this Court.[2]

---

[2] "Our standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704." *Stratigos v. Dep't of Labor & Indus., Office of Unemployment Comp. Tax Servs.*, 57 A.3d 217, 220 n.7 (Pa. Cmwlth. 2012).

2

Initially, Section 301(e)(2) of Law provides:

The [D]epartment shall promptly notify each employer of his rate of contribution for the calendar year. . . . **The determination of the [D]epartment of the employer's rate of contribution shall become conclusive and binding upon the employer, unless within ninety (90) days after the mailing of notice thereof to the employer's last known post office address the employer files an application for review, setting forth his reasons therefor**: Provided, That if the [D]epartment finds that because of an error of the [D]epartment it has notified an employer that his rate of contribution is more than the rate to which he is entitled, the [D]epartment shall, within one year from the date of such notice, adjust the rate of contribution. The [D]epartment may, if it deems the reasons set forth by the employer insufficient to change the rate of contribution, deny the application, otherwise it shall grant the employer a fair hearing. The employer shall be promptly notified of the denial of his application or of the [D]epartment's redetermination. In any application for review filed hereunder and in any further appeal taken thereafter, no questions shall be raised with respect to the employer's contribution rate, except such as pertains to the determination of the employer's Benefit Ratio Factor and Reserve Ratio Factor.

43 P.S. § 781(e)(2) (emphasis added). Further, Section 63.21(b) of the Department's Regulations provides, in pertinent part: "The Department may consider an application for review and redetermination of contribution rate filed under [S]ection 301(e)(2) of the [L]aw only if it . . . is filed within the time specified in [S]ection 301(e)(2) of the [L]aw." 34 Pa. Code § 63.21(b). Consequently, because 90 days had elapsed on March 30, 2016, and OUCTS received Aarsand's Rate Appeal on May 25, 2016, Aarsand's appeal was untimely and the Department was without jurisdiction to consider it.

This Court has explained:

'It is well settled that the statutory time limit for filing an appeal is mandatory in the absence of fraud or manifestly

3

wrongful or negligent conduct of the administrative authorities.' *Blast Intermediate Unit No. 17 v. Unemployment* [*Comp.*] [*Bd.*] *of Review, . . .* 645 A.2d 447, 449 ([Pa. Cmwlth.] 1994). In other words, an appeal *nunc pro tunc* was initially limited to circumstances of fraud or a breakdown in the court's operations.

However, in *Bass v. Commonwealth, . . .* 401 A.2d 1133 ([Pa.] 1979), our Supreme Court expanded the limited exceptions for allowing an appeal *nunc pro tunc* to include a situation where (1) the appeal was filed late as a result of non-negligent circumstances, either on appellant's part or on the part of his counsel, (2) the appeal was filed shortly after the expiration date and (3) the appellee was not prejudiced by the delay. These exceptions were further expanded in *Cook v. Unemployment Compensation Board of Review, . . .* 671 A.2d 1130 ([Pa.] 1996), wherein the Court allowed an appeal *nunc pro tunc* due to the appellant's unexpected illness and hospitalization which resulted in a late filing. Nevertheless, the party attempting to file an appeal *nunc pro tunc* carries a 'heavy burden to justify an untimely appeal.' *Blast Intermediate Unit No. 17,* 645 A.2d at 449.

*Kenneth S. Hantman, Inc. v. Office of Unemployment Comp. Tax Servs.,* 928 A.2d 448, 452 (Pa. Cmwlth. 2007) (italics added).

Aarsand first argues that the untimeliness of its appeal should be excused because it was not Aarsand's fault it did not receive the Rate Notice. Specifically, Aarsand contends that the United States Post Office (Post Office) unilaterally changed its zip code without notice and, thus, through no fault of its own Aarsand's Rate Notice was sent to the wrong address. However, Aarsand does not specify when its zip code was changed or when it became aware of the change. Rather, Aarsand averred in its Rate Appeal: "We did not receive **all notices** from [the Department] **for 2015** because of a change in our mailing zip code. We have corrected the address as of May 13, 2016." R.R. at 11a (emphasis added). Aarsand expounded in its brief to this Court:

> [T]he [OUCTS] mailed the [Rate Notice] to [Aarsand] at the following address: Aarsand Management LLC, 11019 McCormick Road, Suite 320, Hunt Valley, MD 21030. However, the . . . Post Office unilaterally changed [Aarsand's] zip code from 21030 to 21031 **during this time period**. Despite this change, the Post Office never sent a formal Notice of the zip code change to [Aarsand]. Moreover, **the Post Office would, at times, deliver mail to [Aarsand] with the 21030 zip code, but at some point during late 2014 and 2015, [it] became inconsistent with delivering mail with the incorrect zip code**.

Aarsand Br. at 13 (emphasis added).

Based upon Aarsand's representations, its zip code was changed in 2014. OUCTS is obligated to notify an employer of its UC contribution rate at employer's last known post office address as communicated to OUCTS by employer. At the time the 2016 Rate Notice was sent in December 2015, Aarsand's last known address contained the 21030 zip code. Given that Aarsand was aware it was not receiving all of its mail addressed to its old zip code during late 2014 and 2015, Aarsand must have been aware of the zip code change before the December 31, 2015 Rate Notice was mailed. Under the circumstances, the onus was on Aarsand to inform OUCTS of its address change. Aarsand did not advise OUCTS of the change to its zip code at any time prior to the end of the appeal period.

Notwithstanding, Aarsand also stated in its Rate Appeal: "We did receive one notification regarding underpayments and forwarded it to our payroll company. [It] had a change in [its] tax support services division and those communications were missed by [it] and we missed following up on our correspondence with [it]." R.R. at 11a. Aarsand explicated in its brief:

> [Aarsand] was also unaware of the change in its contribution rate for the years 2015 and 2016 as the payroll company it uses, Payce Payroll, had a change in its tax support services division during 2014 and 2015, resulting in the new contribution tax rate not being communicated to [Aarsand].

5

Specifically, [Aarsand] was under the impression that Payce Payroll automatically updated [Aarsand's] contribution rates on a yearly basis. Prior to the years at issue, [Aarsand] would receive requests or notices from Payce Payroll ensuring that Payce had updated rates. However, in 2014 and 2015, Payce Payroll had a change in its tax support services division and communication regarding the rate change was never conveyed to [Aarsand]. [**Aarsand**] **did receive one notification for a delinquency which it forwarded to Payee**.[3] Payce was to investigate the notice and determine whether [Aarsand] actually owed the balance and what future actions should be taken. However, due to Payce's changes in its tax support services division, **communication of the proper rate was not conveyed to** [**Aarsand**] **and Payce failed to update** [**Aarsand's**] **contribution tax rate**.

Aarsand Br. at 14-15 (emphasis added).

While we sympathize with Aarsand's plight, the record lacks evidence that Aarsand's failure to timely appeal was caused by non-negligent circumstances. Because the record contains no evidence that Aarsand did not become aware of its zip code change until after the relevant time period, and Aarsand in fact did receive a delinquency notification which its payroll company failed to consider,[4] the circumstances herein do not permit an appeal *nunc pro tunc*.

Finally, Aarsand asserts that the delinquency rate the Department applied was punitive and places an undue burden on Aarsand, violating public policy. However, Aarsand appealed from OUCTS' denial of its appeal challenging the untimeliness determination. As stated by the TRO in acknowledgement of the appeal: "The [TRO] review of [Aarsand's] appeal is limited to the issue(s) raised by [Aarsand], and will result in the affirmation, modification or reversal of the OUCTS

---

[3] Again, Aarsand does not specify the date the notice was received.

[4] The alleged negligence of Aarsand's payroll company does not warrant *nunc pro tunc* relief. *See Wert v. Dep't of Transp.,* 468 A.2d 542, 544 (Pa. Cmwlth. 1983) ("[I]f the delay results from the negligence of a third party whom the petitioner has chosen, the extension of time for appeal cannot be justified.").

6

denial of the initial contribution [R]ate [A]ppeal." R.R. at 23a. At no time did Aarsand raise the punitive nature of the penalty before either the OUCTS or the TRO. "When a party fails to raise an issue . . . in an agency proceeding, the issue is waived and cannot be considered for the first time in a judicial appeal." *Hudock v. Pa. Dep't of Pub. Welfare,* 808 A.2d 310, 313 n.4 (Pa. Cmwlth. 2002). Further, because Aarsand

> did not raise this issue in his statement of questions involved[, *see* Aarsand Br. at 4]; . . . it is waived. *Williams v. Workers'* [*Comp.*] *Appeal* [*Bd.*] *(USX Corp*[.]-*Fairless Works),* 862 A.2d 137, 141 (Pa. Cmwlth. 2004) ('Aarsand has failed to raise this issue anywhere within his Statement of the Questions Presented, and for that reason, it is waived.'); Pa.R.A.P. 2116(a) ('No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.')[.]

*Glunk v. Dep't of State,* 102 A.3d 605, 611 n.17 (Pa. Cmwlth. 2014).

> For all of the above reasons, the Department's Final Order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aarsand Management, LLC, : 
                  Petitioner : 
                   : 
          v. : 
                   : 
Department of Labor and Industry, : 
Office of Unemployment : 
Compensation Tax Services, :     No. 1726 C.D. 2016
             Respondent : 

## O R D E R

AND NOW, this 31st day of August, 2017, the Department of Labor and Industry's September 21, 2016 Final Order is affirmed.

_____
ANNE E. COVEY, Judge