IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anytime Childcare,                 :
                  Petitioner     :
                                    :
         v.                 :   No. 806 C.D. 2020
                                    :   Submitted: March 26, 2021
Department of Human Services,   :
                  Respondent  :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                               FILED: May 19, 2021

Anytime Childcare petitions for review of an adjudication of the Bureau of Hearings and Appeals (Bureau) of the Department of Human Services (Department). Adopting the recommendation of an administrative law judge (ALJ), the Department dismissed Anytime Childcare's appeal of the non-renewal of its certificate to operate a "family child care home."[1] The Department held that the appeal was untimely filed. For the following reasons, we affirm.

Anytime Childcare is a child care facility located in Pittsburgh, Pennsylvania, owned by Baboucarr Jagne (Owner) and operated pursuant to a provisional certificate of compliance.[2] Certified Record at 13 (C.R.__). On November 13, 2019, a Department representative conducted a renewal inspection

---

[1] A "family child care home" is defined as "[a] home other than the child's own home, operated for profit or not-for-profit, in which child care is provided at any one time to four, five or six children unrelated to the operator." 55 Pa. Code §3290.4.

[2] The Department's regulations provide for the issuance of a provisional certificate of compliance "if the facility or agency is in substantial, but not complete, compliance" with applicable regulations. 55 Pa. Code §20.54(a).

and noted multiple regulatory violations such as unavailability of certificates of compliance, lack of emergency plans, unsuitable persons in the facility, lack of emergency telephone numbers, inadequate equipment, lack of agreements with parents, and inadequate recordkeeping. *Id*. at 14. Anytime Childcare was notified of the violations that same day. Thereafter, the Department sent Anytime Childcare a written request to submit a plan to correct the cited violations by November 19, 2019. The Department made a second written request on December 2, 2019, when Anytime Childcare did not meet the November 19, 2019, deadline. Anytime Childcare did not submit a plan.

On January 13, 2020, the Department's Office of Child Development and Early Learning notified Owner that it would not renew Anytime Childcare's third provisional certificate of compliance because it had not submitted a plan of correction. The notice stated that Anytime Childcare had been "repeatedly cited for violating a number of particular regulations for family child care homes" based on previous inspections.[3] *Id*. at 14-15. The notice further explained:

> The repeated regulatory noncompliance, as described above, constitutes a failure to comply with the Human Services Code[4] and [the] Department's regulations and requirements, failure to submit acceptable plans to correct noncompliance items, failure to comply with the acceptable plan to correct noncompliance items, and gross incompetence, negligence, and misconduct in the operation of a child care program, each of which constitute separate and independent bases to refuse to renew your third

---

[3] The letter explained that in addition to the November 13, 2019, renewal inspection, Department officials had conducted inspections and found regulatory violations on the following days: July 12, 2018, November 6, 2018, February 11, 2019, April 4, 2019, June 6, 2019, July 24, 2019, and August 20, 2019. C.R. 13-14.

[4] Act of June 13, 1967, P.L. 31*, as amended*, 62 P.S. §§101-1503.

provisional certificate of compliance to operate a family child care home.

C.R. 15. For those reasons, the Department refused to renew Anytime Childcare's third provisional certificate of compliance.

The notice informed Anytime Childcare that it had the right to appeal the Department's non-renewal of its certificate in accordance with the General Rules of Administrative Practice and Procedure (GRAPP), 1 Pa. Code Part II. It further informed Anytime Childcare that an appeal had to be received by the Department within 30 days of the January 13, 2020, letter.

Anytime Childcare appealed the Department's refusal by letter dated February 11, 2020. It was received by the Department on February 13, 2020, one day after the 30-day deadline. In its appeal, Anytime Childcare asserted that it had "fixed all citations" and that its employees had been going "above and beyond to create the best environment for [its] children and families." *Id*. at 10. The Department responded that the Bureau would schedule a hearing on Anytime Childcare's appeal.

On February 25, 2020, the Department issued a Rule to Show Cause directing Anytime Childcare to show why the appeal should not be dismissed for lack of jurisdiction given its failure to file a timely appeal. Citing the January 13, 2020, notice, and Section 31.11 of GRAPP,[5] the Rule to Show Cause stated that

> if [Anytime Childcare] wished to appeal the decision, the appeal had to be received[] by the program office within thirty (30) calendar days from the date of the January 13, 2020 notice. [Anytime Childcare's] appeal was received by [the Office] on

---

[5] 1 Pa. Code §31.11.

3

February 13, 2020, which was thirty-one (31) days from the date of the notice. Therefore, it was untimely filed.

C.R. 212. The Rule further directed Anytime Childcare to respond to the Rule within 30 days and explain why its appeal should be heard notwithstanding Anytime Childcare's untimely appeal. Stated otherwise, this was Anytime Childcare's opportunity to show why a *nunc pro tunc* appeal should be allowed. Anytime Childcare did not respond to the Rule to Show Cause.

On July 10, 2020, the ALJ recommended dismissal of Anytime Childcare's appeal due to lack of jurisdiction. The ALJ found that the February 25, 2020, Rule "was properly mailed to [Anytime Childcare's] address of record and was not returned as undeliverable by the United States Postal Service; therefore, [Anytime Childcare] received the Rule." *Id.* at 218. The ALJ construed Anytime Childcare's failure to respond to the Rule to Show Cause as an admission that the Bureau lacked jurisdiction over Anytime Childcare's appeal.

On July 10, 2020, the Department adopted the ALJ's adjudication and recommendation in its entirety. On July 16, 2020, Anytime Childcare timely filed a request for reconsideration, asserting that the appeal was untimely because:

> 1) Staff and Schedule. [S]taffing more than 2 staff seems impossible due to funds. [T]his makes it diff[i]cult for staff to leave site to schedule for doctors['] appoi[n]tment[.]
>
> 2) Obtaining documents – Also background[] checks and doctors['] test results took some [time] to return.
>
> 3) Mailing USPS. [W]hen we sent the appeal package we e[x]pected for it to make it on time.

4

*Id.* at 220. Because the Department did not act on the request for reconsideration within the applicable timeframe,[6] it was deemed denied. Anytime Childcare then filed a petition for review with this Court.

On appeal,[7] Anytime Childcare devotes most of its brief to the merits of the case, *i.e.*, that it submitted an appropriate plan of correction after the November 13, 2019, renewal inspection and has remedied the cited violations. The only issue before this Court, however, is whether the Department erred in dismissing Anytime Childcare's appeal for lack of jurisdiction.

GRAPP establishes how filing deadlines with the Department are satisfied. Section 31.11 states as follows:

> Pleadings, submittals or other documents required or permitted to be filed under this part, the regulations of the agency or any other provision of law shall be received for filing at the office of the agency within the time limits, if any, for the filing. *The date of receipt at the office of the agency and not the date of deposit in the mails is determinative.*

1 Pa. Code §31.11 (emphasis added). In short, it is the date of the receipt, not the date of mailing, that determines whether a filing with the Department has been timely filed.

Anytime Childcare appears to argue that it is entitled to a renewal of its provisional certificate of compliance because it submitted a plan of corrective action after the Department's second request for such a plan and because it remedied the

---

[6] *See* Section 35.241(d) of GRAPP, 1 Pa. Code §35.241(d) (stating that the application for reconsideration will be deemed denied if the agency head does not act upon it within 30 days).

[7] This Court's scope and standard of review of an order of the Department is to determine whether constitutional rights were violated, whether an error of law was committed, or whether findings of fact were supported by substantial evidence. *Integrated Behavioral Health Services v. Department of Public Welfare*, 871 A.2d 296, 299 n.6 (Pa. Cmwlth. 2005).

violations. It further appears that Anytime Childcare is now asserting that it never received the February 25, 2020, Rule to Show Cause.[8]

These arguments miss the point. The January 13, 2020, notice informed Anytime Childcare that it had the right to appeal the Department's decision to refuse to renew its provisional certificate of compliance. Citing GRAPP, the letter also explained: "[t]o be timely, an appeal must be *received* at the above address within thirty (30) days of the mailing date of this letter." C.R. 15 (emphasis added). In its brief, Anytime Childcare concedes that it did not mail its appeal to the Department until February 12, 2020, the last day of the appeal period. Anytime Childcare Brief at 8. Further, the record establishes that the appeal was not received until February 13, 2020. Under Section 31.11 of GRAPP, Anytime Childcare's filing was not timely received.

Accordingly, we are constrained to affirm the Department's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[8] Anytime Childcare raises these arguments for the first time on appeal. Because Anytime Childcare did not raise these arguments before the Department, they are waived. *See Hudock v. Department of Public Welfare*, 808 A.2d 310, 313 n.4 (Pa. Cmwlth. 2002) ("When a party fails to raise an issue … in an agency proceeding, the issue is waived and cannot be considered for the first time in a judicial appeal."). Further, the record does not contain any indication that Anytime Childcare submitted a plan of corrective action to the Department or that it did not receive the Rule.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anytime Childcare,  :
               Petitioner    :
                             :
          v.              :   No. 806 C.D. 2020
                             :
Department of Human Services,  :
               Respondent  :

# **O R D E R**

AND NOW, this 19th day of May, 2021, the adjudication of the Department of Human Services, Bureau of Hearings and Appeals, dated July 10, 2020, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita