IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mindy Jaye Zied-Campbell,      :
               Petitioner    :
                                  :
          v.              :   No. 730 M.D. 2018
                                  :   Submitted:  April 22, 2022
Commonwealth of Pennsylvania;  :
Pennsylvania Department of Health  :
& Human Services; Secretary of the  :
PDHS; Pennsylvania PDHS Bureau  :
of Hearings & Appeals; The Director :
& Employees of the PDHS       :
Boulevard County Assistance Office, :
             Respondents  :

BEFORE:   HONORABLE RENÉE COHN JUBELIER, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT              FILED:  June 17, 2022

        Mindy Jaye Zied-Campbell (Campbell), *pro se*, petitions for review of the October 22, 2018, and October 23, 2018,[1] adjudications of the Department of Human Services (Department), Bureau of Hearings and Appeals (Bureau) that dismissed Campbell's challenge to the reduction of her Supplemental Nutrition and Assistance Program (SNAP) benefits.[2]  The Bureau concluded that Campbell had abandoned her administrative appeal of the reduction in her benefits.  Discerning no error, we affirm.

---

[1] A corrected adjudication was filed on October 23, 2018, making a technical correction to the date on which the Bureau of Hearings and Appeals (Bureau) received a motion for stay from Campbell.

[2] These benefits were formerly known as "Food Stamps."  7 U.S.C. §§2011-2036d.

The Bureau appointed an Administrative Law Judge (ALJ) to hear Campbell's appeal. The ALJ found as follows. Campbell was receiving SNAP benefits as of July 13, 2018. ALJ Adjudication, 10/18/2018, Finding of Fact (F.F. __) 1. On July 13, 2018, the Department sent a notice to Campbell requesting her to provide verification of her income. *Id*. at F.F. 2. The Department also requested Campbell to call her caseworker for an interview as part of her SNAP benefits renewal. *Id*. On July 24, 2018, Campbell filed a timely appeal of the Department's request and requested a telephone hearing. *Id*. at F.F. 3. On August 3, 2018, the Bureau sent a notice to Campbell advising her that the telephone hearing was scheduled for August 23, 2018. *Id*. at F.F. 4. Between August 3, 2018, and October 15, 2018, Campbell requested three continuances, which were granted. As part of Campbell's second continuance request, the Department approved her request to "appear by brief." *Id*. at F.F. 9. On October 10, 2018, the Bureau received Campbell's motion to stay the proceedings "pending a decision in Commonwealth Court regarding jurisdiction." *Id*. at F.F. 13. On October 15, 2018, the Bureau denied Campbell's motion in this regard and conducted the hearing as scheduled that day. *Id*. at F.F. 14. "As of the time of the [a]dministrative [h]earing, [the Bureau] had not received a brief [from Campbell]." *Id*. at F.F. 15. Based on the preceding timeline of events, the ALJ determined that Campbell had abandoned her appeal.

The Department's regulation on administrative hearings states, in relevant part, as follows:

> If the appellant or his representative fails to appear at the scheduled hearing without good cause as determined by the hearing officer, the appeal will be considered to be abandoned and will be dismissed.

55 Pa. Code §275.4(e)(6)(iii)(A). Because Campbell did not submit a brief and did not verify the reasons for her unavailability, the ALJ dismissed the appeal "due to abandonment." ALJ Adjudication, 10/18/2018, at 6. Campbell now petitions for this Court's review.[3,4]

In her petition for review and brief, Campbell offers a litany of bald allegations, general assertions and grievances, as well as random, irrelevant, and superfluous arguments and exhibits, making her appeal largely unintelligible. Broadly, Campbell alleges the Department discriminated against her and violated her constitutional rights, in particular her right to due process, by dismissing her appeal due to abandonment.

In response, the Department argues that it correctly dismissed Campbell's appeal as abandoned because, without good cause, she failed to participate in the hearing, despite being granted multiple continuances and the opportunity to participate by filing a brief, as she had specifically requested.

Due process requires notice and an opportunity to be heard, but the right is not an absolute right. *Burch v. Department of Public Welfare*, 815 A.2d 1143, 1145 (Pa. Cmwlth. 2002). Dismissal of a proceeding for a party's failure to prosecute or failure to respond or comply with an administrative agency's notices and order, or failure to appear at a hearing without good cause, does not violate due

---

[3] Our review determines whether an error of law was committed, whether constitutional rights were violated, or whether the findings of fact are supported by substantial evidence. *Our Lady of Victory Catholic Church v. Department of Human Services*, 153 A.3d 1124, 1127 n.3 (Pa. Cmwlth. 2016). Substantial evidence is evidence that "a reasonable mind can accept as adequate to support a conclusion." *Ehrhart v. Department of Public Welfare*, 632 A.2d 5, 7 (Pa. Cmwlth. 1993).

[4] Although Campbell filed in both this Court's original and appellate jurisdiction, the February 22, 2022, *per curiam* order of the Court directed the parties to submit briefs regarding "the merits of the *appellate jurisdiction portion* of this dual jurisdiction action." (emphasis added). On January 28, 2021, this Court resolved the issues relative to original jurisdiction.

3

process. *Fountain Capital Fund, Inc. v. Pennsylvania Securities Commission*, 948 A.2d 208, 214 (Pa. Cmwlth. 2008).

Campbell's case, here, is essentially no different than her previous case, which we addressed in an unreported opinion filed in 2019. *Zied-Campbell v. Department of Human Services* (Pa. Cmwlth., No. 1537 C.D. 2017, filed March 22, 2019). In that case, Campbell was notified that her SNAP benefits would be reduced due to a change in income; she failed to appear at her hearing and failed to submit a brief as she had requested and been granted approval to do. We determined: "The Bureau . . . granted Campbell's request to present her case by brief in lieu of participating in the hearing, and Campbell failed to file a brief by the . . . deadline. In light of Campbell's failures to move her appeal forward, the Bureau did not err in dismissing it as abandoned." *Id.*, slip op. at 4. Similarly, in the present matter, Campbell failed to show good cause for not participating in the hearing before the Bureau, was granted multiple continuances, and failed to submit a brief in lieu of appearing at the hearing. The Bureau did not err in dismissing Campbell's administrative appeal as abandoned.

Accordingly, we affirm the Department's dismissal of Campbell's administrative appeal.

_____
MARY HANNAH LEAVITT, President Judge Emerita

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mindy Jaye Zied-Campbell, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 730 M.D. 2018 |
| | : | |
| Commonwealth of Pennsylvania; | : | |
| Pennsylvania Department of Health | : | |
| & Human Services; Secretary of the | : | |
| PDHS; Pennsylvania PDHS Bureau | : | |
| of Hearings & Appeals; The Director | : | |
| & Employees of the PDHS | : | |
| Boulevard County Assistance Office, | : | |
| Respondents | : | |

## **O R D E R**

AND NOW, this 17th day of June, 2022, the October 22, 2018, and October 23, 2018, adjudications of the Department of Human Services, Bureau of Hearings and Appeals, dismissing the appeal of Mindy Jay Zied-Campbell, are AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita