613 A.2d 65

**Robert K. GOETZ, Jr., Petitioner,**

**v.**

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 15, 1992.

Decided July 14, 1992.

Matthew R. Battersby, for petitioner.

Carl B. Schultz, Asst. Counsel, for respondent.

Before PALLADINO, and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Robert K. Goetz, Jr., appeals from the order of the Environmental Hearing Board (EHB) dismissing his appeal for failing to comply with the EHB's order requiring Goetz to file a pre-hearing memorandum. We affirm.

The Department of Environmental Resources (DER) issued two citations against Goetz, alleging violations of the Solid Waste Management Act.[1] Both citations stem from the same set of facts; however, they concern two different properties (Goetz Brief at 4). Goetz appealed the two citations to the EHB, docketed at 91–139–F and 91–153–F.

On April 9, 1991, shortly after Goetz filed his appeal, the EHB issued a pre-hearing order, concerning the appeal at 91–139–F.[2] This order established a discovery deadline and informed Goetz that he was required to file a pre-hearing memorandum on or before June 24, 1991. The order informed Goetz that failure to file a pre-hearing memorandum might result in waiver of factual and legal claims and the imposition of sanctions. Goetz did not comply with this order.

On July 1, 1991, in response to Goetz's failure to file his pre-hearing memorandum, the EHB issued a rule to show cause, directing Goetz to:

show cause why [his] appeal should not be dismissed pursuant to 25 Pa.Code § 21.124[3] as a sanction for failing to

---

1. Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. §§ 6018.101–6018.1003.

2. The pre-hearing memorandum was to contain the following:
   1. Statement of facts each party intends to prove.
   2. Contentions of law and detailed citations to authorities, including specific sections of statutes, regulations, etc., relied upon.
   3. Description of any scientific tests relied upon by any party and summary of testimony of experts.
   4. Order of witnesses.
   5. List documents sought to be introduced into evidence, copies of which shall be attached.
   6. Indicate dates on which you are not available for hearing.

3. § 21.124. Sanctions.
   The Board may impose sanctions upon a party for failure to abide by a Board order or Board rule of practice and procedure. The sanctions may include the dismissal of an appeal or an adjudication

comply with the [EHB's] order. The rule is returnable, in writing, to the offices of the [EHB] on or before July 22, 1991. Receipt of the pre-hearing memorandum within the time for response to the rule will constitute a discharge of the rule.

(DER Brief, Exhibit B.)

On July 10, 1991, the EHB issued an order, extending the deadline for filing of the pre-hearing memorandum to September 16, 1991. Goetz again failed to file a pre-hearing memorandum. On September 27, 1991, in response to Goetz's failure to file the pre-hearing memorandum, the EHB issued a second rule to show cause, returnable on or before October 17, 1991. This order again provided that Goetz could discharge the rule by filing his pre-hearing memorandum on or before October 17, 1991. October 17, 1991 passed without Goetz filing a pre-hearing memorandum.

On October 22, 1991, in response to Goetz's failure to file his pre-hearing memorandum, the EHB dismissed his appeal at 91–139–F. On November 12, 1991, Goetz filed a request for consolidation of his appeals filed at 91–139–F and 91–153–F "for reasons of judicial economy and simplicity." (16a). The EHB denied the request because of its earlier dismissal of Goetz's appeal at 91–139–F.

On appeal,[4] Goetz argues that the EHB erred as a matter of law in: 1) denying him an opportunity to be heard; and 2) in failing to properly notify him of the consequence of his failure to comply with the EHB's rules.

against the offending party, orders precluding introduction of evidence or documents not disclosed in compliance with an order, barring the use of witnesses not disclosed in compliance with an order, barring an attorney from practice before the Board for repeated or flagrant violation of orders, or other sanctions as permitted in similar situations by 231 Pa.Code (relating to rules of civil procedure) for practice before the Courts of Common Pleas.

4. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

Due process requires that a person be provided notice and an opportunity to be heard prior to an adjudication, affecting that person's rights. *Martin v. Department of Environmental Resources,* 120 Pa.Commonwealth Ct. 263, 548 A.2d 672 (1988). However, due process requires only that a party be provided an opportunity to be heard; it does not confer an absolute right to be heard. *See Commonwealth v. Derry Township,* 10 Pa.Commonwealth Ct. 619, 314 A.2d 868 (1973), *affirmed,* 466 Pa. 31, 351 A.2d 606 (1976). As the facts in this case demonstrate, Goetz was provided ample opportunity to be heard prior to the EHB's dismissal of his appeal. Had Goetz prosecuted his appeal and complied with the simple procedural requirements established by the EHB, he would have had the right to present his evidence in a full adversary hearing. In fact, Goetz does not argue that he was denied an adequate opportunity to be heard but rather, he argues that he was entitled to a full hearing, regardless of his repeated failure to prosecute his case or comply with the EHB's orders.

The courts have consistently held that the dismissal of a proceeding for a party's failure to prosecute or failure to comply with orders issued by the tribunal does not violate due process. In *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the United States Supreme Court held that dismissal of an action for failure to prosecute does not violate a plaintiff's due process rights. The law of this Commonwealth does not require us to hold differently.

Goetz also claims in his brief that he received late notice of the EHB's dismissal of his appeal. However, Goetz did receive notice of all the prior proceedings before the EHB. Due process requires notice, reasonably calculated to inform a party of the pending action so that the party will have an opportunity to present objections. *Celane v. Insurance Commission,* 51 Pa.Commonwealth Ct. 633, 415 A.2d 130 (1980). Goetz received both pre-hearing orders and both rules to show cause which informed him that had he failed to file a pre-hearing memorandum his claim might be dismissed. Goetz introduced no affidavits, stating that he did not receive the EHB's order dismissing the action at 91–139–F.

Even if Goetz's claim that he received late notice of the EHB's dismissal of his appeal is true, it is irrelevant, both factually and legally. Goetz makes no claims that he was harmed by the alleged late notice. The dismissal order was simply the previously-announced consequence of Goetz's earlier failure to comply with the EHB's orders. Goetz had adequate notice of the likely consequences of his failure to respond to the EHB's orders.

Accordingly, we affirm.

## ORDER

AND NOW, this 14th day of July, 1992, the order of the Environmental Hearing Board in the above-captioned matter is hereby affirmed.