**David F. SPENCER, Petitioner**

v.

**DEPARTMENT OF STATE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 17, 2007.

Decided Sept. 18, 2007.

David F. Spencer, petitioner, pro se.

Martha H. Brown, Asst. Counsel and Albert H. Masland, Chief Counsel, Harrisburg, for respondent.

PER CURIAM.

David F. Spencer (Spencer) appeals from an order of the Secretary of the Commonwealth, Pedro A. Cortés (Secretary), granting Gregory C. Fajt's (Fajt) motion for judgment on the pleadings and ordering that a correction statement be issued striking a financing statement that Spencer filed because the filing was fraudulent.

The facts underlying this case arose out of a bankruptcy petition that Spencer filed in October 2005. Because Spencer owed $19,085.40 in unpaid personal income tax, the Department of Revenue filed a proof of claim with the bankruptcy court, which eventually led to an income tax lien being filed against Spencer's property in approximately that amount.

In response, Spencer filed a civil action against Fajt, who was Secretary of Revenue for the Commonwealth of Pennsylvania at that time, and others, alleging that they were illegally attempting to force him to pay state taxes and seeking $1,800,000 in damages. Spencer also mailed Fajt a document entitled "Notice of Demand" in the amount of $1,800,000 for Fajt's "illegal" attempt to collect past due taxes from Spencer. Fajt referred the civil action, including the notice of demand, to the Pennsylvania Office of Attorney General for representation.

On August 3, 2006, taking the position that Fajt was required to respond to the

notice of demand, Spencer filed a Uniform Commercial Code (UCC) Financing Statement in the amount of $1,800,000 with the Department of State naming Fajt as the debtor and Spencer as the secured party.[1] In this statement, Spencer listed the following as collateral: "Homes, Motor Vehicles, and all personal property."

On December 8, 2006, pursuant to the UCC, 13 Pa.C.S. § 9518,[2] Fajt filed a petition for appropriate relief with the Department of State requesting that a correction statement be issued because the financing statement that Spencer had filed against him was fraudulent. He alleged that at no time had he authorized Spencer to file such a statement, no security agreement existed between them, and Spencer did not hold an agricultural lien; therefore, under 13 Pa.C.S. § 9509, Spencer was not entitled to file such a statement. Spencer's only dealings with Fajt arose solely in Fajt's capacity as Secretary of Revenue. Fajt also requested that the Department of State refer the matter to the Office of Attorney General for criminal prosecution. *See* 18 Pa.C.S. § 4911. Fajt simultaneously filed a motion for judgment on the pleadings alleging that Spencer had filed the statement against him because Spencer sought to protest the imposition of personal income tax and the Department of Revenue's collection actions which had occurred in 2005. Fajt mailed a copy of the petition, a notice to plead, and the motion for judgment on the pleadings by certified mail, return receipt requested, and by first-class mail, postage prepaid, to Spencer at 5810 Country Place Drive, Tobyhanna, Pennsylvania, 18466, the address that was listed on the financing statement Spencer filed with the Department of State.

On January 9, 2007, Fajt filed an amended motion to grant petition based upon

---

1. Spencer filed this financing statement under 13 Pa.C.S. § 9509, which states in pertinent part:

    **(a) Person entitled to file a record.—a person may file an initial financing statement, amendment which adds collateral covered by a financing statement or amendment which adds a debtor to a financing statement only if:**

    (1) the debtor authorizes the filing in an authenticated record or pursuant to subsection (b) or (c); or

    (2) the person holds an agricultural lien which has become effective at the time of filing and the financing statement covers only collateral in which the person holds an agricultural lien.

    (b) Security agreement as authorization.— By authenticating or becoming bound as debtor by a security agreement, a debtor or new debtor authorizes the filing of an initial financing statement as an amendment.

2. 13 Pa.C.S. § 9518(d) states in pertinent part the following, regarding fraudulent financing statements:

    (1) The Department of State may conduct an administrative hearing to determine if an initial financing statement was fraudulently filed in accordance with the following:

    (i) The hearing shall be conducted in accordance with 2 Pa.C.S. (relating to Administrative Law and Procedure). The department shall determine the initial financing statement to be fraudulently filed for purposes of this subsection if it determines that no rational basis exists under section 9509 (relating to persons entitled to file a record) entitling the person to file the initial financing statement and it appears that the person filed the initial financing statement with intent to annoy, harass or harm the debtor.

    (ii) If the department determines that the initial financing statement was fraudulently filed and no timely appeal of the determination was filed, the department shall file a correction statement with respect to the initial financing statement indexed there....

    (iii) A correction statement filed by the department in accordance with paragraph (ii) creates a rebuttable presumption that the initial financing statement found to be fraudulently filed is ineffective.

service of the petition and requested that the Secretary issue an order finding that the financing statement was fraudulently filed. A copy of the motion was mailed by certified mail, return receipt requested, and by first-class mail, postage prepaid, to Spencer at the above-stated address. On January 19, 2007, Spencer filed a letter with the Prothonotary of the Department of State alleging that January 16, 2007, was the first time he received any correspondence from Fajt. Spencer also asserted in the letter that no criminal acts or violations of code or statute had occurred, and that Fajt's allegations were false. This letter indicated that Spencer's address was the same address to which Fajt had originally mailed the pleadings.

On January 19, 2007, Fajt filed a second amended motion to grant petition based upon service of the petition and again requested that the Secretary issue an order finding that the financing statement was fraudulently filed. A copy of the motion was mailed by certified mail, return receipt requested, and by first-class mail, postage prepaid, to the Tobyhanna address. Spencer again filed a letter with the Prothonotary on January 22, 2007, alleging that January 16, 2007, was the first time he had received any correspondence from Fajt. In this letter, Spencer asserted that the matter between himself and Fajt was private, and that he would not accept certified mail from the Pennsylvania Department of Revenue. Spencer later claimed that the matter between himself and Fajt fell under Pa. Title 13 Division 3 of the UCC, dealing with negotiable instruments and, therefore, the Department of State did not have proper jurisdiction to hear the claim. Spencer also argued that Fajt's failure to answer his "Notice of Demand" created a negotiable instrument upon which he was entitled to file a financing statement. Spencer did not request a hearing in any of his responses.

On January 30, 2007, finding that no genuine issue of material fact existed as to jurisdiction or notice, the Secretary granted Fajt's motion for judgment on the pleadings. The Secretary found that the financing statement was fraudulently filed within the meaning of 13 Pa.C.S. § 9518(d), because no rational basis existed for the filing of the statement and it was only filed to annoy, harass or harm Fajt, and ordered that a correction statement be filed striking Spencer's financing statement. He also ordered that the matter be referred to the Pennsylvania Office of Attorney General for criminal prosecution. The instant appeal followed.[3]

■ On appeal, Spencer raises three arguments. First, he contends that the Department of State lacks jurisdiction under the UCC to determine the status of his financing claim because it is a private matter between individuals, placing the dispute outside the Department's jurisdiction. Ignoring that the financial statement is not a private matter because it was filed with a public agency, Section 9518 of the UCC, 13 Pa.C.S. § 9518, clearly vests the Department of State with the authority and jurisdiction to determine if an initial financing statement was fraudulently filed.

■ Second, Spencer contends that even if the Department had jurisdiction, his due process rights were violated because he did not receive adequate notice of the petition for appropriate relief. While

---

**3.** Our scope and standard of review is limited to determining whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Barran v. State Board of Medicine,* 670 A.2d 765, 767, n. 3 (Pa.Cmwlth.1996).

due process requires that a "person be provided notice and an opportunity to be heard prior to an adjudication affecting that person's rights," *Goetz v. Department of Environmental Resources,* 149 Pa. Cmwlth. 230, 613 A.2d 65, 67 (1992), Spencer received all the notice to which he was entitled. Each of Fajt's pleadings was sent to the address provided by Spencer on the financing statement, and Spencer responded to those pleadings listing the return address as the same address to which the pleadings were sent. Multiple mailings by certified mail, return receipt requested, and by first-class mail, postage prepaid, to Spencer's known address constituted proper notice. *See Clark v. Dept. of Public Welfare,* 58 Pa.Cmwlth. 142, 427 A.2d 712 (1981).

■ Spencer's final argument is that the Department of State lacked substantial evidence necessary to support its determination that the financing statement was fraudulently filed. Spencer claims that by mailing a document entitled "Notice of Demand" to Fajt in the amount of $1,800,000 for Fajt's "illegal" attempt to collect past due taxes from Spencer, which was unanswered by Fajt, he has obtained a negotiable instrument against Fajt resulting in a security interest. There are so many false premises in this claim that it would take pages to explain why what he is arguing is past frivolous and on its way to delusional that it is easier to explain why the Secretary was required to strike the lien.

Succinctly, an individual is only entitled to file a financing statement under 13 Pa. C.S. § 9509 if either the debtor authorizes the filing or an agricultural lien exists. Authorization can only occur if a signed or executed security agreement between the debtor and the filing party exists or the filing party acquires collateral in which a security interest or agricultural lien continues. No authorization or agricultural lien was present in this case. Because it was undisputed that neither exists, the Secretary properly found that no rational basis existed for the filing of the financial statement.

Accordingly, the Department of State's order striking the financing lien is affirmed.

### ORDER

AND NOW, this *18th* day of *September,* 2007, the Order of the Secretary of the Commonwealth dated January 30, 2007, is affirmed.